## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BIRDELLA LOVE RAHHAL, | |
| Plaintiffs, | |
| v. | Case No. 23-CIV-352-RAW |
| THE BANC FIRST BANK, | |
| Defendants. | |

## OPINION AND ORDER

Before the court are the Plaintiff's Complaint [Docket No. 2] and Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* & Supporting Affidavit [Docket No. 3].

Plaintiff is proceeding *pro se* in this matter. The court construes liberally the pleadings of all *pro se* litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## Complaint

Plaintiff filed her Complaint against the Defendant, stating as follows:

"The Banc First Bank Fraud" "Stop Wrongs and Get Birdella Money Back so I can use it…The Thanksfulness. Amen."

The essence of the purported claim seems to involve Plaintiff's bank account at Banc First from which Plaintiff believes money is missing. The Complaint cites numerous Bible verses, but sets forth no arguable claim, nor set of facts which would constitute a claim in law or fact, against the defendant.

## 28 U.S.C. § 1915

The court reviews the filings presented by Plaintiff pursuant to Section 1915 of the

United States Code, Title 28, which states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been
> paid, the court shall dismiss the case at any time if the court determines that–
>> **(A)** the allegation of poverty is untrue; or
>> **(B)** the action or appeal—
>>> **(i)** is frivolous or malicious;
>>> **(ii)** fails to state a claim on which relief may be granted; or
>>> **(iii)** seeks monetary relief against a defendant who is immune
>>> from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact."

Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the

fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   A plaintiff is

not required to make out a perfect case in their complaint.   Rather, "It suffices for him to

state claims that are rationally related to the existing law and the credible factual

allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994).

Plaintiff's arguments are "completely lacking in legal merit and patently frivolous."

*Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).   It is difficult to determine

the nature of the actual claims Plaintiff is attempting to make and how those claims relate

to the actions of the defendant.

### *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008).   A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious."   *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991).   "The term 'frivolous' refers to 'the inarguable legal conclusion' and 'the fanciful factual allegation.'" *Id*. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief."   *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain:   (1) a short and plain statement of the grounds for the court's jurisdiction. . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a).   To be sufficient, the statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which

it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'"   *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

## Conclusion

In this case, the Plaintiff has specified Banc First as the defendant from which the relief is requested; however, Plaintiff is unable to articulate a plausible claim for which any relief can be granted.   Further, the relief sought and the basis for the court's jurisdiction are indeterminable.   The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed.   Plaintiff has filed numerous frivolous actions in this court and is cautioned that continuing to file such may result in filing restrictions being imposed.

IT IS THEREFORE ORDERED as follows:

1.   Plaintiff's Motion for Leave to Proceed *In Forma Pauperis*   is GRANTED.

2.   Plaintiff's action is found to be frivolous and fails to state a claim upon which relief can be granted and the matter is therefore dismissed without prejudice.

Dated this 24th day of October, 2023.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**

4